UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS DONNACHIE ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| ACCOUNTS RECEIVABLE ) | |
| MANAGEMENT OF FLORIDA, ) | |
| INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Douglas Donnachie, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.  Plaintiff, Douglas Donnachie, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ('FDCPA') and various other state laws, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Douglas Donnachie, is an adult natural person residing at 280 South 23rd Street, Lebanon, PA 17042.

5. Defendant, Accounts Receivable Management of Florida, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 9000 Regency Square Boulevard, Jacksonville, FL 32211.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff sued Defendant on or about November 3, 2009 for violations of the FDCPA.

8. In settlement of the aforementioned lawsuit, Defendant agreed to pay the subject debt, namely a payday loan owed to Cash Supply in the amount of $1500.00.

9. Defendant's counsel confirmed the terms stated above via email to Plaintiff's counsel dated March 18, 2009.

10. The agreement was in writing and signed by Plaintiff and his undersigned counsel on or about April 1, 2009 and forwarded to Defendant's counsel on or about April 2, 2009.

11. Defendant did not pay Cash Supply and Cash Supply subsequently forwarded the subject debt to AIS Services, LLC.

12. On or about September 16, 2009, AIS Services, LLC submitted a settlement proposal of the subject debt to Debt Relief Network, Inc., whom Plaintiff had retained for the purposes of settling his valid debts.

13. The aforementioned proposal offered a settlement amount of $712.00. Appended hereto and marked **"EXHIBIT A"** is a copy of the settlement proposal.

14. Subsequently, Debt Relief Network, Inc. accepted the settlement proposal on Plaintiff's behalf on or about September 18, 2009 and paid AIS Services, LLC $712.00 out of an account into which Plaintiff regularly deposits money intended to pay settlements of his valid debts.

15. On or about December 2, 2009, AIS Services, LLC submitted a letter confirming the account had been settled in full for $712.00. Appended hereto and marked **"EXHIBIT B"** is a copy of the confirmation letter.

16. Defendant falsely represented that it would pay the subject debt and therefore, the Plaintiff would no longer legally owe said debt.

17. Notwithstanding the above, Defendant willfully and negligently failed to comply with the settlement of the aforementioned lawsuit and thus, caused the Plaintiff to be harassed and abused by the continued collection of the subject debt

18. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT ONE – FDCPA
### FAIR DEBT COLLECTION PRACTICES ACT
### (FDCPA, 15 U.S.C. § 1692)

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a. 1692d Defendant's conduct was harassing, oppressive and abusive to Plaintiff;

    b. 1692e Defendant's representations were false, deceptive and misleading;

    c. 1692e(2) Defendant misrepresented the legal status of the alleged debt;

    d. 1692f Defendant's practices were unfair and unconscionable;

    e. 1692f(5) Defendant caused charges to be made to Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered in his favor and against the Defendant, Accounts Receivable Management of Florida, Inc., for the following:

    a. Declaratory judgment that Defendants' conduct violated the FDCPA and declaratory and injunctive relief for the Defendants' violations of the state Act;

    b. Actual damages;

  c. Statutory damages pursuant to 15 U.S.C. § 1692k;

  d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  e. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT TWO – PA FCEUA
### PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

26. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

27. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

28. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

29. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

30. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

31. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

32. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

33. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

    a.    Actual damages;

    b.    Treble damages;

    c.    An award of reasonable attorneys fees and expenses and costs of court; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice require.

### COUNT THREE – PA UTPCPL
### PENNSYLVANIA UINIFORM TRADE PRACTICES & CONSUMER PROTECTION LAW
### (UTPCPL, 73 Pa. C.S. § 201-1 et seq.)

34. The foregoing paragraphs are incorporated herein by reference.

35. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

36. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

37. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

　　a.　Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

　　b.　Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

　　c.　Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

38. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

39. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

　　a.　An Order declaring that Defendant violated the UTPCPL;

　　b.　Actual damages;

　　c.　Treble damages;

　　d.　An award of reasonable attorney's fees and expenses and cost of suit; and

　　e.　Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                  **Respectfully submitted,**

                                                  **WARREN & VULLINGS, LLP**

**Date:  December 7, 2009**               BY: */s/ Brent F. Vullings*
                                                  Brent F. Vullings, Esquire
                                                  Warren & Vullings, LLP
                                                  1603 Rhawn Street
                                                  Philadelphia, PA  19111
                                                  215-745-9800   Fax 215-745-7880
                                                  Attorney for Plaintiff